# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEY PRINCE,<br><br>Defendant. | No. CR11-3057-MWB<br><br>**AMENDED ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S RULE 11(c)(1)(C) GUILTY PLEA** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On July 12, 2011, defendant Ashley Prince was charged in an Information with with aiding and abetting the possession of child pornography, in violation of 18 U.S.C. §§ 2, 2252A(a)(5)(B), and 2252A(b)(2). On July 19, 2012, defendant appeared before United States Magistrate Judge Leonard T. Strand and entered a plea of guilty to Count 1 of the Information, under a binding plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In the plea agreement, the parties have stipulated to a sentence of at least 36 months imprisonment. On this same date, Judge Strand filed a Report and Recommendation in which he recommends that defendant's guilty plea be accepted. No objections to Judge Strand's Report and Recommendation were filed.[1] The court, therefore, undertakes the necessary review of Judge Strand's recommendation to accept

---

[1] The parties have waived the fourteen day period in which to file objections to Judge Strand's Report and Recommendation.

defendant's plea in this case.

## II. ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

2

§ 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court **accepts** Judge Strand's Report and Recommendation, and accepts defendant's plea of guilty in this case to Count 1 of the Information. However, the court will not decide at this time whether it will accept the parties' Rule 11(c)(1)(C) plea agreement and the agreed upon sentence in that plea agreement. Instead, the court will make that determination at the end of the sentencing hearing in this case. In the event the court decides not to accept the terms of the parties' plea agreement, defendant will be given the opportunity to withdraw his plea of guilty, or not withdraw his guilty plea and proceed with the sentencing. *See* FED. R. CRIM. P. 11(c)(5).

**IT IS SO ORDERED.**

**DATED** this 20th day of July, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA